IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

MICHAEL E. BURNETT,

    Plaintiff,

V.                                                  CIVIL ACTION NO. 3:07-0517

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM ORDER</u>**

In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his application on January 5, 2005, alleging disability commencing February 15, 2000, as a consequence of degenerative disc disease. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was forty-seven years of age and had obtained a high school education. His past relevant employment experience consisted of work as

a roofing laborer. In his decision, the administrative law judge found that plaintiff suffered from vertebrogenic disorder and degenerative joint disease of the knees, impairments which he considered severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a significant range of light level work. On the basis of this finding, and relying on Rule 202.20 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff contends that the administrative law judge failed to properly consider the opinion of his treating physician, Dr. Holley, in determining his residual functional capacity. The regulations provide that greater weight is to be given to the opinion of a treating source as it is more likely to be helpful in providing a "detailed, longitudinal picture" of the impairments. 20 C.F.R. § 404.1527(d)(2). However, to be given controlling weight, the treating source's opinion must be "well-supported by medically acceptable clinical and laboratory diagnostic techniques and ... not inconsistent with the other substantial evidence" in the record.[3] The regulations make clear that "special significance" will not be given "to the source of an opinion on issues reserved to the Commissioner,"[4] and that "[t]he responsibility for deciding ... residual

---

[1] This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2] 20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2

[3] 20 C.F.R. § 404.1527(d)(2); See Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996); See also Ward v. Chater, 924 F.Supp. 53, 55 (W.D. Va. 1996).

[4] 20 C.F.R. § 404.1527(e)(3).

functional capacity rests with the administrative law judge or Appeals Council."[5] Additionally, the regulations contemplate that the Commissioner will "give good reasons" in his decision "for the weight given a treating source's opinion."[6] It is, as a consequence, the Commissioner's responsibility to make the final decision regarding the plaintiff's abilities, and he may reject a medical opinion so long as he gives reasons therefor, and those reasons are supported by the evidence.

The administrative law judge explicitly stated his reasons for not according great weight to the opinion of Dr. Holley. Dr. Holley found that plaintiff was restricted to lifting less than ten pounds; however, the administrative law judge found that this limitation was not supported by the evidence. Dr. Mehta, Dr. Lovejoy, Dr. Lambrechts, and Dr. Reddy all found plaintiff capable of lifting at least twenty pounds occasionally. Additionally, Dr. Holley indicated on October 3, 2006 that plaintiff was capable of occasionally lifting and carrying up to twenty pounds, this being inconsistent with his prior conclusion that plaintiff was only capable of lifting less than ten pounds. The administrative law judge also noted that plaintiff's treatment was conservative and surgery has not been recommended. Clearly, in light of this evidence, substantial evidence supports the administrative law judge's determination that Dr. Holley's opinion was not entitled to controlling weight.

Plaintiff also asserts that the administrative law judge failed to properly consider his pain and made a faulty credibility assessment. The regulations describe a two-step process for evaluating

---

[5] Id. § 404.1546(c).

[6] Id. § 404.1527(d)(2)

symptoms.[7] The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the individual's pain or other symptoms.[8] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limit the individual's ability to do basic work activities.[9] The latter step requires consideration of both the objective medical evidence and subjective evidence of a claimant's pain or other symptoms, and, while objective medical evidence may be "crucial" in this analysis, Craig v. Chater, supra at 595, subjective complaints may not be discredited solely because they lack objective support. Hines v. Barnhart, 453 F.3d 559, 565 (4th Cir. 2006).

Examination of the record in this case establishes that, after finding that plaintiff's impairments could reasonably be expected to produce his alleged symptoms, the administrative law judge assessed the plaintiff's credibility to be only fair. The administrative law judge made this credibility determination after considering the factors listed in SSR 96-7p.[10] In considering the first factor, the administrative law judge noted that plaintiff is able to drive, can take care of his own personal needs, sits on the porch, does laundry, goes to church, and helps with the annual Boy Scout

---

[7] See 20 C.F.R. § 404.1529; See also, SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[8] Id.

[9] Id.

[10] See also 20 C.F.R. § 416.929(c)(3); The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency, and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms

Pinewood Derby. Second, his pain was primarily located in his lower back, and it radiated down to the side of his foot. Third, the administrative law judge noted that plaintiff reported activity makes his pain worse. Fourth, plaintiff was taking Ultracet, Prevacid, Lotrel, and aspirin to help alleviate his symptoms, and he experienced no side effects from these medications. He also noted plaintiff attempted physical therapy, uses a TENS unit, and has had epidural shots.

After considering the relevant factors in light of this evidence, the administrative law judge found plaintiff's allegations of disabling pain to be excessive. He noted that plaintiff retained the ability to perform a good range of daily activities, inconsistent with his allegation of disabling pain. Also, plaintiff's treatment was conservative, he did not require surgical intervention, his pain medication was effective, and there were only limited indications of back pathology from 2001 through 2004. Based on the foregoing, it is clear that appropriate methodology was applied by the administrative law judge and that substantial evidence supports his findings regarding plaintiff's credibility.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the

Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER: September 8, 2009

*[signature]*
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE